IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COSTA TOMASINO | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:15-cv-2924 |
| | § | |
| SCHLUMBERGER, LTD | § | |
| Defendant. | § | JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff COSTA TOMASINO ("Plaintiff" or "Tomasino"), and complains of SCHLUMBERGER, LTD ("Defendant" of "Schlumberger"), and for his cause of action would show the Court as follows:

INTRODUCTION

1. This action seeks equitable relief, actual, compensatory, and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623(a), the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code §21.051, and the Texas Labor Code 451.001.

2. Plaintiff demands a jury on all issues triable to a jury.

PARTIES

3. Plaintiff Costa Tomasino is a resident of Montgomery County, Texas.

4. Defendant Schlumberger, Ltd. is a foreign corporation with a principle office in Texas. It operates for profit in Texas. It may be served with process through its registered agent for service National Registered Agents, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 USA.

5. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

6. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

7. The Court has personal jurisdiction over Defendant since Defendant operates a principle business in the State of Texas, regularly conducts business in the State of Texas, and has the necessary minimum contacts with the State of Texas.

8. Alternatively, the Court has personal jurisdiction over Defendant since the acts giving rise to this suit occurred within the State of Texas.

9. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

10. This Court has jurisdiction over all claims in this matter.

## PROCEDURAL REQUISITES

11. On or about November 4, 2014, Plaintiff filed a Charge of Discrimination and Retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC").

12. On or after July 7, 2015, the EEOC issued a Notice of Right to Sue letter entitling Plaintiff to file an action in this Court.

13.     This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

14.     All conditions precedent to filing this cause of action have been met.

## FACTS

15.     Plaintiff was initially hired by Smith International ("Smith"), which later merged with Schlumberger in 2010.  Plaintiff was working as a Senior Maintenance Mechanic for Defendant on May 8, 2014.  Plaintiff was moving a large equipment scale with a pry bar, the usual tools Defendant provided to employees to perform this type of work.  When Plaintiff moved the piece of equipment he felt small pops in his back but since such feelings were not unusual in his type of physical work, he did not think anything of them.  Only several days later did Plaintiff realize he had actually injured himself.  When he realized he had actually sustained an injury he notified his supervisor.  Plaintiff was immediately put on light duty and that he wasn't allowed to work any overtime.  The following day, on May 20, 2015, Plaintiff was fired.  At that time Defendant gave Plaintiff a worker's compensation claim number. No reason was given for Plaintiff's termination.  Prior to his termination Plaintiff had not had performance complaints or disciplinary actions.

16.     Plaintiff was 56-years-old at the time of his termination. He had worked for Smith, and then Schlumberger, for seven continuous years at that time.  He had also worked for Smith from 1988-1998 and that seniority counted toward Plaintiff' retirement and seniority.  Accordingly, Plaintiff was only 3 years from eligibility for retirement benefits at the time of his termination.

17.     Most of the workers at Plaintiff's work location were quite a bit younger than Plaintiff was.  Smith, and later Schlumberger, seldom hired older workers at that location. Rules in general were enforced much more stringently against older workers.  Defendant's actions against Plaintiff, up to and culminating in Plaintiff's termination, were motivated in whole or in part by age

discrimination.

## FIRST CAUSE OF ACTION -
### Age Discrimination

18. Plaintiff reasserts and incorporates by reference herein all the facts and allegations set forth above.

19. Defendant is an employer as defined in 29 U.S.C. §630 and Tex. Lab. Code 21.002.

20. Plaintiff was over the age of 40. At all relevant times he was qualified for the position he held.

21. Defendant subjected Plaintiff to an adverse employment action, namely, termination. Defendant subjected Plaintiff to more stringent conduct rules, applied the rules more stringently, and issued more severe discipline than Defendant did to younger employees. Defendant unlawfully discriminated against Plaintiff on the basis of age in violation of 29 U.S.C. 623 and Tex. Lab. Code §21.051.

22. As a result of Defendant's unlawful acts Plaintiff has suffered and continues to suffer damages in the form of lost pay, as well as for mental anguish and related damages.

## SECOND CAUSE OF ACTION –
### Worker's Compensation Retaliation

23. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully written herein.

24. Plaintiff was terminated one day after reporting an on-the-job injury to Defendant. Plaintiff had not been disciplined or had any performance counseling prior to his termination. Defendant did not provide any reason for termination to Plaintiff at the time of his termination. Defendant subsequently asserted a number of pre-textual reasons for his termination. Defendant terminated Plaintiff in retaliation for his filing a good-faith worker's compensation claim, in violation of Tex.

Lab. Code 451.001. As a result of Defendant's retaliation, Plaintiff has suffered loss of wages, bonuses and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering.

## ATTORNEYS' FEES

25. Plaintiff is entitled to recover attorney's fees and costs for bringing this action as allowed by the appropriate statutes

## JURY DEMAND

26. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## RELIEF REQUESTED

27. Plaintiff prays for the following relief:

   a. For actual and liquidated damages for the period of time provided by law, including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

   b. For compensatory damages, punitive damages, and liquidated damages as allowed by law;

   c. For attorneys' fees;

   d. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

   e. For pre-judgment and post-judgment interest as allowed by law;

   f. For costs of court, costs of prosecuting Plaintiff's claim; and

   g. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE HANSEN LAW FIRM, P.C.

*/s/ Jakki A. Hansen*
Jakki A. Hansen
Attorney-in-Charge
State Bar No. 24000886
SD TX No. 32213
405 Main Street, Suite 600
Houston, Texas 77002
Telephone: (281) 888-4364
Facsimile: (888) 492-9819
*jhansen@hansenlawfirmpc.com*

ATTORNEY FOR PLAINTIFF COSTA TOMASINO